UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 03-21657-CIV-ALTONAGA/Bandstra

03 JUL 30 PM 3: 16

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

LILLIAM GOMEZ,

    Plaintiff,

vs.

OCEAN REEF CLUB, INC.,
a Florida corporation,

    Defendant.
_____/

## OCEAN REEF CLUB'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES

The defendant, Ocean Reef Club, Inc., ("Ocean Reef"), responds to the complaint filed by the plaintiff, Lilliam Gomez ("Gomez"), as follows:

1. Ocean Reef admits that Gomez is a former female employee of Ocean Reef, and that she seeks to bring claims under Title VII of the Civil Rights Act of 1964, as amended, and under the Florida Civil Rights Act of 1992. Ocean Reef denies all remaining allegations of paragraph 1, denies that it violated any such laws, and denies that Gomez is entitled to any relief thereunder.

2. Ocean Reef admits that Gomez is invoking the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343, but denies that Gomez is entitled to any relief thereunder. Ocean Reef also admits that Gomez seeks to have this Court accept supplemental jurisdiction over plaintiff's claims under the Florida Civil Rights Act



pursuant to 28 U.S.C. § 1367, but denies that this Court should exercise such supplemental jurisdiction.

3. Ocean Reef admits that Gomez filed a charge with the Equal Employment Opportunity Commission and that it issued a right to sue letter. Ocean Reef is without knowledge of the remaining allegations of paragraph 3 and therefore denies same.

4. Ocean Reef admits that it is a non-profit Florida corporation that consists of a private, oceanfront club in Key Largo, Florida, with a hotel component. Ocean Reef denies the remaining allegations of paragraph 4.

5. Admitted.

6. Admitted.

7. Ocean Reef admits that Gomez was hired on December 4, 1998 and that she was terminated on July 10, 2002. Ocean Reef denies all remaining allegations of paragraph 7

.       8.     Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Ocean Reef restates its responses to paragraphs 1 through 12.

14. Admitted, except that Vasquez was Gomez's supervisor only until December 2001.

2

15. Denied.

16. Denied.

17. Denied.

18. Ocean Reef admits that Gomez submitted a document dated October 29, 2001 regarding workplace concerns. The document speaks for itself and any inconsistent characterization is denied. All other remaining allegations of paragraph 18 are denied.

19. Ocean Reef admits that it immediately investigated Gomez's concerns, that Warren apologized to Gomez for any actions that may have made Gomez feel uncomfortable, that Warren executed a new harassment policy, and that Gomez was satisfied by the Club's response. Ocean Reef denies all remaining allegations of paragraph 19.

20. Denied.

21. Denied.

22. Denied.

23. Ocean Reef restates its responses to paragraphs 1 through 12.

24. Admitted, except that Vasquez was Gomez's supervisor only until December 2001.

25. Denied.

26. Denied.

27. Denied.

28.  Ocean Reef admits that Gomez submitted a document dated October 29, 2001 regarding workplace concerns. The document speaks for itself and any inconsistent characterization is denied. All other remaining allegations of paragraph 28 are denied.

29.  Ocean Reef admits that it immediately investigated Gomez's concerns, that Warren apologized to Gomez for any actions that may have made Gomez feel uncomfortable, that Warren executed a new harassment policy, and that Gomez was satisfied by the Club's response. Ocean Reef denies all remaining allegations of paragraph 29.

30.  Denied.

31.  Denied.

32.  Denied.

33.  Ocean Reef denies that Gomez is entitled to any legal, equitable, or other relief whatsoever, including attorneys' fees.

34.  Each and every remaining allegation of the complaint not specifically admitted or denied is hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.  Gomez has failed to state a claim upon which relief may be granted.

2.  All of Ocean Reef's actions were taken for lawful, legitimate business reasons.

3.  Gomez's alleged claims under 42 U.S.C. §§ 2000e et seq. and under the Florida Civil Rights Act are barred to the extent that such claims have not been the

subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or the Florida Commission on Human Relations ("FCHR"); with respect to which no investigation or conciliation effort has been made by the EEOC or the FCHR; or which were not made the subject of a timely civil action.

4. The court lacks jurisdiction over all claims brought pursuant to 42 U.S.C. § 2000e-5 to the extent that such claims are based upon events occurring more than 300 days before Gomez's filing of a prior charge of discrimination with the appropriate agency.

5. The court lacks jurisdiction over all claims brought pursuant to Fla. Stat. § 760.11 to the extent that such claims are based upon events occurring more than 365 days before Gomez's filing of a prior charge of discrimination with the appropriate agency.

6. Ocean Reef exercised reasonable care to prevent and correct promptly any claims of discrimination, harassment or retaliation; and Gomez unreasonably failed to take advantage of such preventive and corrective opportunities provided by her employer to avoid or prevent any alleged harm.

7. The claims asserted in the Complaint are barred, in whole or in part, by Gomez's own misconduct and breaches of duty owed to her employer.

8. Ocean Reef's employees or agents under its supervision or control did not act in any manner that violated Gomez's rights, including, but not limited to, engaging in any acts of unlawful harassment or retaliation. To the extent that Gomez's rights were violated, which they were not, such violations occurred outside of the scope of Gomez's

5

employment, and outside of the scope of any such employee's or agent's express or implied authority, and without Ocean Reef's consent or knowledge. Furthermore, Ocean Reef did not know, or in the exercise of diligence have any reason to know, of any such violations. Ocean Reef did not condone, ratify or tolerate any unlawful harassment or retaliation; rather such conduct is expressly prohibited by Ocean Reef's policies and procedures and their good faith efforts to comply with all applicable laws.

9. Gomez's compensatory and punitive damages, if any, are limited under Title VII and the Florida Civil Rights Act.

10. To the extent that Gomez has failed to mitigate her damages, Ocean Reef is entitled to a set-off on the amount which Gomez did or could have earned through reasonable efforts.

11. By her conduct, Gomez's claims are barred by the doctrines of estoppel, laches, and unclean hands.

12. Gomez's pre-existing emotional, psychological, and physical condition prior to the alleged acts of misconduct was such that Ocean Reef did not proximately cause or contribute in any manner to Gomez's alleged injuries and/or damages and Ocean Reef may not be held liable for any such alleged injuries or damages.

13. Gomez's claims for punitive damages are barred because the acts, if any, and omissions, if any, of Ocean Reef do not rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evince a reckless or

callous indifference to any of Gomez's protected rights, and are not so wanton or willful as to support an award of punitive damages as a matter of law.

14.   Ocean Reef contends that no discriminatory or retaliatory employment decisions were made in this case. Ocean Reef may not be held vicariously liable for punitive damages based on unlawful employment decisions made by its managerial agents, if any are proven, because any such unlawful decisions were contrary to Ocean Reef's policies and good-faith efforts to comply with the civil rights laws.

15.   Gomez's claims are frivolous both in factual foundation and legal substance and Ocean Reef, therefore, is entitled to an award of its costs and attorneys fees pursuant to 28 U.S.C. §1927, 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, Rule 11 of the Federal Rules of Civil Procedure, §57.105, Florida Statutes, and §760.11, Florida Statutes.

Dated: July 28, 2003

FISHER & PHILLIPS
450 East Las Olas Blvd., Suite 800
Fort Lauderdale, Florida 33301
Phone:       (954) 525-4800
Facsimile:   (954) 525-8739

By: _Suzanne K Bogdan_
James C. Polkinghorn, Esquire
(Fla. Bar No. 0376892)
jpolkinghorn@laborlawyers.com
Suzanne K. Bogdan, Esquire
(Fla. Bar No. 0893560)
sbogdan@laborlawyers.com

Attorneys for Defendant
Ocean Reef Club, Inc.

## CERTIFICATE OF SERVICE

I certify that on this date I caused a true and correct copy of the foregoing **OCEAN REEF CLUB'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES** to be served on the following by First Class U.S. Mail, postage prepaid:

> Randy Rosenblum, Esq.
> ROSENBLUM & ROSENBLUM, P.A.
> 700 South Andrews Avenue
> Suite 200
> Fort Lauderdale, Florida 33316

*/s/ Suzanne K. Bogdan*

Dated: July 28, 2003